## BRADSTREET vs. CLARK.

On the death of the tenant in a *writ of right* after verdict in his favor, although a bill of exceptions was tendered, the suit abates, and the *heirs* or *devisees* will not be substituted.

WRIT of right. Verdict for tenant and bill of exceptions in September, 1835. In November, of the same year, the tenant died. At a former term, the demand-ant obtained a rule to show cause why the heirs and devisees of the tenant should not be substituted. The heirs and devisees now showed cause.

*By the Court*, COWEN, J. The suit abated by the death of the tenant, and is gone forever. This was so at common law in all actions, real and personal, on the death of either party before judgment. (*Stokes* v. *Porter, Benl.* 74, 5 *and* 6 *Ph. and Ma. Mich. T.*) The statute has provided for a few cases of substitution or revivor. Among these are the death of the defendant after interlocutory judg-ment, where the cause of action would be good against his personal representa-tives. They may be brought in by *scire facias*. (1 *R. S.* 387, § 3.) [621] So in partition, where defendants die pending suit. (*Id.* § 7.) Judgment, too, may be entered on verdict, notwithstanding the death of either party, within two terms after such verdict is rendered. (*Id.* § 4. 17 *Car.* 2, *ch.* 8, *cited inside in connection with Smith* v. *Irish*, 1 *Mod.* 5, *Leach's ed.*) These provisions have no application in terms; and none of them have ever, that I find, been extended so as to take in any *real action* which is out of their letter.

Motion denied.(a)

---

(a) Decided at Oct. term, 1836.